# MEMO ENDORSED

## Green & Willstatter
Attorneys at Law
200 Mamaroneck Avenue
Suite 605
White Plains, New York 10601

Theodore S. Green            (914) 948-5656
Richard D. Willstatter       Fax (914) 948-8730       e-mail: theosgreen@msn.com

May 5, 2020

Hon. Kenneth M. Karas
United States District Court
300 Quarropas Street
White Plains, New York 10601

      Re: *United States v. Marcus George,* 19 Cr 171 (KMK)

Dear Judge Karas:

      This letter is a motion pursuant to 18 U.S.C. §3582(c)(1)(A) to reduce the term of imprisonment for Marcus George to time served to be followed supervised release with conditions that include a period of home confinement.

      On October 16, 2019, George was sentenced to 70 months of custody to run concurrently with an undischarged state prison term and to be followed by four years of supervised release. George had pleaded guilty to one count of conspiring to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. §§846 and 841(b)(1)(B). Judgment was filed on January 30, 2020. George has been detained since his arrest on or about February 13, 2019.

      George is currently detained at the Orange County Jail. Because he is not in Bureau of Prisons custody, I have not filed, on his behalf, an application with the head of any Bureau of Prisons facility requesting that a motion be made by the BOP pursuant to 18 U.S.C. §3582(c)(1)(A), because such an application would be futile. *See United States v. Hernandez*, No. 18-cr-834 (PAE) 2020 WL 1684062, *2 (SDNY April 2, 2020) (determining that defendant had exhausted administrative remedies through BOP where BOP asserted it could not evaluate defendant for compassionate release because defendant was in custody of U.S. Marshals at a private facility); *United States v. Carver*, No. 19-cr-06044 (S.J.), 20202 WL 1892340, *1-2 (ED Wa. April 8, 2020) (excusing defendant from administrative exhaustion requirement under futility exception where defendant was not in BOP custody and BOP advised defendant to direct request to the U.S. Marshals Service).

      Under 18 U.S.C. §3582(c)(1)(A), the Court may "modify a term of imprisonment" if the court finds that "extraordinary and compelling reasons warrant such a reduction." *Id.*

1

We are mindful that in *United States v. Sargeant*, 19-cr-666 (KMK), Doc. No. 109 (SDNY April 27, 2020), the Court, in deciding a bail application, found that "while asthma is a potentially serious respiratory condition, data in New York show that it is not the risk factor that it was once believed to be" for those infected with COVID-19.  We note, however, that the Centers for Disease Control continues to list those with "moderate to severe asthma" as being "at high risk for severe illness from COVID-19." Centers for Disease Control (CDC). Coronavirus Disease 2019. *People who are at higher risk for severe illness* (page last reviewed April 15, 2020, accessed May 5, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.  Accordingly, based on George's asthma condition, it is submitted that he is at heightened risk of severe illness from COVID-19, particularly in a jail or prison setting where conditions would make it difficult to control an outbreak of the virus.

Submitted herewith as Exhibit A (under seal) are George's medical records from Orange County jail.  The records document that, despite being prescribed a regimen of medications in an effort to control his asthma condition, George has required multiple visits to the medical unit to address symptoms such as wheezing and shortness of breath.  Visits to the medical unit include:
– October 18, 2020. George complained of shortness of breath and given an inhaler.
– February 8, 2020.  Wheezing.
– February 27, 2020.  Shortness of breath.  George given nebulizer treatment.
– February 29, 2020.  Shortness or breath, wheezing.  Given nebulizer treatment which improved his oxygen levels and prescribed Flonase.
– March 1, 2020.  George complained of wheezing and severe sinus congestion over the past week, with shortness of breath and a "productive cough."  Physical exam revealed "slight wheezing" in both lungs and confirmed severe sinus congestion.
– March 8, 2020.  George experienced "exacerbate asthma", and was reported "wheezing all fields" (evidently meaning that wheezing was detected in all six regions or "fields" of the lungs).  Prednisone was prescribed.
– March 9, 2020, George complained of wheezing, cough and shortness of breath that had lasted a couple of days.  A physical exam again revealed "wheezing all fields".  An urgent chest x-ray was ordered which disclosed "no acute disease.
– March 10, 2020.  George received nebulizer treatment and reported feeling better.

In addition to prednisone, medications prescribed to George include an Alvesco pump, Claritin and the asthma drug Singulair.[1]

Prior to his transfer to the Orange County jail, George was detained at the Westchester County jail, where he also received treatment for his chronic asthma.

---

[1] The Probation Department presentence report at paras. 57-58 notes George's asthma condition, as well as a history of other physical ailments including a gastro-intestinal condition believed to be colitis, cysts, and removal of a small mass from his kidney.

2

      Accordingly, defendant seeks the requested reduction of his term of imprisonment and sentence modification pursuant to 18 U.S.C. §3582(c)(1)(A).

                              Very truly yours,

                              /s/ *Theodore S. Green*
                              Theodore S. Green

cc: All counsel (by ECF)

The application is denied. Mr. George has failed to establish that there are extraordinary and compelling reasons to grant him compassionate release. While he appears to be dealing with asthma, that has not been found to be among the top ten risk factors in New York. (See D. Hakim, "Asthma is Absent Among Top Covid-19 Risk Factors, Early Data Shows," NY Times, 4/20/20.). Moreover, the record appears to show that his asthma is being treated and that Mr. George is otherwise not in any other risk category (age, heart disease, etc.). In addition, Mr. George was convicted of serious crimes and engaged in substantial efforts to evade apprehension by law enforcement. Thus, he is a serious risk to the public safety. Finally, Mr. George has served a small percentage of his sentence. So, in considering all the factors set forth in Section 3582 and 3553(a), the Court denies the application.

So Ordered.

5/11/20

3